[Sac. No. 3656. In Bank.—August 13, 1926.]

MAY H. MOODY et al., Respondents, v. I. G. ZUMWALT, Appellant.

[1] CONTRACTS — OPTION TO PURCHASE LAND—INTEREST AND TAXES— OBLIGATION TO PAY.—Where a lease of real estate granted the lessee an option to purchase the land within a certain time, and different written extensions of time to exercise the option provided, in effect, that the optionee should pay interest at a certain rate from the date of the extension on the amount called for and due under the option and also the taxes or other assessments levied upon the land, the optionee was obligated to pay the interest and taxes, even though he did not purchase the land under the option.

---

1. See 25 Cal. Jur. 520.

[2] ID.—EXTENSION OF TIME — CONSIDERATION.—The continuous exten-
sion of time within which the option might have been exercised, in
such case, was sufficient consideration to support the optionee's
promise to pay the interest and taxes.

(1) 39 **Cyc.**, p. 1248, n. 56.  (2) 13 **C. J.**, p. 314, n. 76; 39 **Cyc.**,
p. 1248, n. 56.

APPEAL from a judgment of the Superior Court of
Colusa County. Ernest Weyand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas Rutledge for Appellant.

Goodfellow, Eells, Moore & Orrick and R. W. Palmer for
Respondents.

THE COURT.—The following opinion, prepared by Mr.
Justice Lawlor, is adopted as the opinion and decision of the
court:

"This action was instituted by the plaintiffs to recover
of the defendant the sum of $6604.68 alleged to be owing
as accrued interest under an option granted to the defend-
ant to purchase certain real property owned by the plain-
tiffs and situate in the County of Colusa; for the further
sum of $493 asserted to be due for taxes on said land for
the year 1921; for a balance due for rent of said realty
and for interest on the above sums. The defendant ad-
mitted the amount due for rent and offered to permit entry
of judgment for that amount. After trial, however, the
court entered judgment for the plaintiffs for the full
amount as prayed for, whereupon the defendant appealed
particularly from that portion of the judgment which re-
lated to the recovery of the alleged accrued interest under
the option and the tax item mentioned.

"It appears that the respondents owned a tract of 960
acres in the said County of Colusa which they had let to one
W. H. O'Hair for a period of six years from November 1,
1916, at a rental of $960 per year. The lease to said
O'Hair contained a covenant granting to said lessee the

2.  See 6 **Cal. Jur.** 173; 6 **R. C. L.** 659.

right and option within one year after the date of the lease to purchase the said premises at a price of $60 per acre. On December 12, 1917, the said lessee assigned his lease to the appellant, whereupon the respondents executed a document of even date therewith by which they ratified and consented to said assignment and in which, among other things, they granted to the appellant 'the exclusive option of purchasing the said land on or before the first day of November, 1919, at the price of sixty dollars per acre, . . .' At subsequent dates the respondents by written agreements granted to the appellant five extensions of time within which he might exercise the option to purchase, these extensions being dated October 28, 1919, November 25, 1919, February 24, 1920, April 22, 1920 and December 28, 1920, respectively.

"The first of the foregoing enumerated written agreements between the parties to mention the payment of interest and taxes by appellant is that of February 24, 1920, which served to extend appellant's option sixty days from March 1, 1920. The pertinent part of said written agreement reads as follows: 'It is understood that said I. G. Zumwalt shall pay us seven per cent interest on the amount called for and due under said option from date hereof and also the taxes or other assessments levied on said land.' The extension of April 22, 1920, reads in part: 'I. G. Zumwalt must pay interest as seven per cent per annum for balance now due and also advance for us $900.00 due George Strickland for interest, which said $900.00 and $5000.00 heretofore paid shall be deducted from the purchase price.' The last of the extensions above-mentioned, being that dated December 28, 1920, contains this declaration: 'Zumwalt to pay interest at 7 per cent per annum as above stated; . . .'

"The appellant did not purchase the land as provided for in the option and the various extensions thereof. It is the appellant's contention that the quoted declarations touching the payment of interest and taxes by him and found in the later extensions of the option did not amount to an unconditional promise on his part to pay said sums but that said interest and tax sums were payable by him only in the event he exercised the option and purchased the realty in which case the sums mentioned were to constitute a part of

the purchase price.  On the other hand, the respondents urge that the agreements between the parties show an unconditional promise on the part of appellant to pay the interest and tax items regardless of whether or not he exercised the option and purchased the land.

[1]  "A solution of the question presented involves an interpretation of the several extensions of the option granted by the respondents to the appellant and in which these sums are referred to.  In our opinion the above quotations taken from the agreements extending the option show an intention on the part of appellant to pay the interest and tax sums irrespective of his purchase of the premises covered by the option. ' There is nothing in the above agreements which restricts or even tends to restrict the payment of said sums by the option-holder.  His promise to pay said interest and taxes is not in express language confined to the event of his purchase of the realty.  Nor is there a want of consideration to support this unconditional promise made by appellant.  In addition to the consideration which the written agreements import there was a continuous extension of the time within which the option might have been exercised.  This latter, in the absence of everything else, would be sufficient consideration to support the appellant's promise."

The judgment appealed from is affirmed.